MEMORANDUM **
Jose Luis Gonzalez Maravilla and his wife Maria Lourdes Roja Marquez, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals’ summary affirmance without opinion of an immigration judge’s pretermission of their applications for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny in part and grant in part the petition for review.
Substantial evidence supports the IJ’s determination that Maria failed to establish the ten-year continuous physical presence requirement of 8 U.S.C. § 1229b(b)(l)(A) because she testified that she entered the United States in April 1995 and the government issued the Notice to Appear on December 31, 2002. See 8 U.S.C. § 1229b(b)(l)(A) and (d)(2). We therefore deny the petition for review as to Maria.
The IJ determined that Jose failed to meet the ten-year continuous physical presence requirement of 8 U.S.C. § 1229b(b)(l)(A) due to a voluntary departure in 1997. Jose testified that he left the United States for a few weeks in 1997 in order to visit his ailing father in Mexico. Upon his attempted return, immigration officials apprehended, photographed, and *872 fingerprinted him, and then permitted him to voluntarily return to Mexico.
We recently held that the fact that an alien is turned around at the border, even where the alien is fingerprinted and information about his attempted entry is entered into the government’s computer database, does not in and of itself interrupt the continuity of his physical presence in the United States. See Tapia v. Gonzales, 430 F.3d 997, 1002-1004 (9th Cir.2005). However, we previously held that an administrative voluntary departure in lieu of removal proceedings does constitute a break in continuous physical presence. See Vasquez-Lopez v. Ashcroft, 343 F.3d 961, 972 (9th Cir.2003) (per curiam).
On the record before us, we cannot determine whether Jose’s return to Mexico by immigration officials was the result of an administrative voluntary departure. Moreover, even assuming Jose accepted administrative voluntary departure, the record is not sufficiently developed for us to determine whether Jose knowingly and voluntarily accepted administrative voluntary departure. See Ibarra-Flores v. Gonzales, 439 F.3d 614 (9th Cir.2006) (explaining that an agreement for voluntary departure should be enforced against an alien only when the alien has been informed of, and has knowingly and voluntarily consented to, the terms of the agreement).
Accordingly, we remand Jose’s case to the Board for further proceedings to determine his eligibility for cancellation of removal. On remand, both the government and Jose are entitled to present additional evidence regarding any of the predicate eligibility requirements for cancellation of removal, including, but not limited to, continuous physical presence.
PETITION FOR REVIEW DENIED as to Maria; PETITION FOR REVIEW GRANTED and REMANDED as to Jose.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.